IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TYHEIM SHAWNDALE LITTLE,**

    **Movant,**

v.                                                 Case No. 2:95-cr-00198-01
                                                           Case No. 2:12-cv-04582

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 703), as amended by arguments made in the defendant's Memorandum in Support (ECF No. 734). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On May 3, 1996, Tyheim Shawndale Little (hereinafter "the defendant") was convicted by a jury of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One), and two counts of aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Three and Seven). On July 15, 1996, the defendant was sentenced by the Honorable Charles H. Haden, Chief United States District Judge, to life in prison on Counts One and Seven, and 40 years in prison on Count Three. The sentences were to run concurrently. The

defendant was further sentenced to serve a five-year term of supervised release, and was ordered to pay a $25,000 fine and a $150 special assessment. A Judgment was entered on July 17, 1996. (ECF No. 151).

On July 18, 1996, the defendant filed a Notice of Appeal of his Judgment to the United States Court of Appeals for the Fourth Circuit (hereinafter "the Fourth Circuit"). (ECF No. 155). On August 1, 1996, the Fourth Circuit consolidated the defendant's appeal with that of his co-defendant, Trevor Little. (ECF No. 185). On September 11, 1997, the Fourth Circuit affirmed the defendant's Judgment in an unpublished *per curiam* opinion. *United States v. Little*, No. 96-4569, 122 F.3d 1064, 1997 WL 563148 (4th Cir., Sept. 17, 1997). (ECF No. 278). The defendant sought a writ of certiorari in the United States Supreme Court, which was denied on February 23, 1998. *Little v. United States*, 522 U.S. 1140 (1998). (ECF No. 306).

On February 22, 2005, the defendant filed his first section 2255 motion (ECF No. 480), asserting two grounds for relief. First, the defendant asserted that he is "actually innocent" of conduct used to enhance his sentence; namely, certain relevant conduct attributed to him; a four-level enhancement he received for being a leader or organizer; and a two-level enhancement for possession of a firearm during the offense. (ECF No. 481 at 8-11). The defendant also raised a claim under *United States v. Booker*, 125 S. Ct. 738 (2005), asserting violations of his Fifth and Sixth Amendment rights because his sentence was enhanced based upon conduct not found beyond a reasonable doubt by a jury or admitted by the defendant. (*Id.* at 11-15).

On March 29, 2006, the Honorable Joseph R. Goodwin, United States District Judge, entered a Memorandum Opinion (ECF No. 502) adopting the Proposed Findings and Recommendation of the Honorable Mary E. Stanley, United States Magistrate

2

Judge (ECF No. 494), overruling the defendant's objections thereto (ECF No. 499), and dismissing the defendant's section 2255 motion as untimely filed. A separate Judgment Order was entered that same date. (ECF No. 503). The defendant did not appeal that Judgment Order.[1]

On August 21, 2012, the defendant filed the instant section 2255 motion (ECF No. 703), in which he challenges his sentence based upon the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Specifically, the defendant asserts:

> On August 17, 2011, the Fourth Circuit Court of Appeals held that an offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taken [sic; taking] into account his criminal history and the nature of his offense. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).
>
> At the time the movant was sentenced (i.e. prior to *Simmons*) whether a prior conviction qualified as a felony for career offender purposes was determined by considering "maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005).
>
> Thus, under *Harp*, the movant was sentenced to an enhanced sentence based upon a prior conviction(s) because the prior conviction was treated as a felony. Specifically, the prior state conviction(s) and sentence(s) were for: simple affray, 1 year probation, misdemeanor, fined, sentenced 6-5-90.
>
> Under *Simmons*, my prior state conviction(s) do not qualify as felony offenses for purposes of federal enhancement provisions, and thus, my sentence should not have been enhanced based upon the prior state conviction(s). Thus, my sentence is unconstitutional.
>
> Wherefore, this movant respectfully prays that the honorable court vacate his sentence and order resentencing of the movant in light of the Fourth Circuit Court of Appeals decision in *Simmons*, and for any such

---

[1] The defendant has filed several motions under 18 U.S.C. § 3582(c) related to the amendments to the United States Sentencing Guidelines for crack cocaine offenses. The undersigned does not believe a discussion of the proceedings surrounding those motions is necessary to the instant motion.

3

further relief as this court may deem just and proper, all premises considered.

(ECF No. 703 at 3-4).

On June 23, 2014, almost two years after the defendant filed the instant section 2255 motion, he filed a Memorandum in Support of his section 2255 motion (ECF No. 734). In the Memorandum, the defendant attempts to amend his section 2255 motion to include a claim that his sentence is unconstitutional under the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 17 (2013). The defendant claims that *Alleyne* involves a new rule of constitutional law recognized by the Supreme Court that was previously unavailable and is retroactively applicable on collateral review. Consequently, although not specifically stated in the Memorandum, the defendant appears to be asserting that this claim is timely and proper for review by this court under 28 U.S.C. § 2255(f)(3).[2]

## ANALYSIS

### A. The instant section 2255 motion is untimely and the defendant's substantive arguments appear to lack merit.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in April 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. Because the defendant was convicted after the enactment of this provision, his conviction and sentence are subject to these requirements.

The one-year period runs from the latest of one of four specified events:

---

[2] The undersigned notes, however, that the defendant's Memorandum cites to 28 U.S.C. § 2255(f)(1). Both subsections will be discussed further below.

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Turning first to section 2255(f)(1), the defendant's judgment became final when the Supreme Court denied his writ of certiorari on February 23, 1998. Therefore, similar to the defendant's first section 2255 motion, the instant motion, which was filed on August 21, 2012, was filed well outside the one-year statute of limitations under section 22255(f)(1). Furthermore, the defendant does not appear to be arguing that section 2255(f)(2) has any bearing on his case. Thus, the undersigned will turn to a discussion of sections 2255(f)(3) and (f)(4) as they relate to the defendant's case.

The defendant first appears to assert that section 2255(f)(3) applies to his case because the decision in *Simmons* involves a right that has been newly recognized since his conviction and made retroactively applicable. The undersigned notes, however, that *Simmons* is a decision issued by the Fourth Circuit.[3] Therefore, the defendant fails to

---

[3] In *Simmons*, the Fourth Circuit vacated the defendant's sentence in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), in which the Court held that when determining whether a conviction is an "aggravated felony" for purposes of the Immigration and Nationality Act, courts must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. The *Simmons* court determined that a prior conviction under North Carolina law was punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. 647 F.3d at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense for a sentencing enhancement, a defendant must have been convicted of an offense for which that individual defendant could be sentenced to a term exceeding one year. *Id.* (overruling *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying conviction under 18 U.S.C. § 922(g). *Miller v. United States*, 2013 WL

demonstrate a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Moreover, the *Simmons* decision appears to be wholly inapplicable to the defendant's case. The defendant was not found to be a career offender under section 4B1.1(a) of the United States Sentencing Guidelines. Rather, the defendant's sentence was determined based upon his base offense level of 38 for offenses involving 1.5 kilograms or more of cocaine. The defendant also received a two-level enhancement for possession of a dangerous weapon (firearm), and a four-level enhancement for his role in the offense, which increased his Guideline level to 44. The defendant was also attributed seven criminal history points, which placed him in Criminal History Category IV. It is in this calculation of his criminal history that the defendant's prior offenses were considered.

The defendant appears to be challenging the attribution of one criminal history point for a 1990 conviction for simple affray, which is a misdemeanor, in Moore County District Court in North Carolina, when he was a juvenile. The defendant's section 2255 motion asserts that, following *Simmons*, this conviction should not count towards his criminal history because it is not a felony. However, this argument lacks merit because the defendant's Presentence Investigation Report recognized that the North Carolina charge was a misdemeanor for which the defendant properly received one criminal history point under U.S.S.G. 4A1.1(c) and 4A1.2(d)(2)(B). The defendant was in no way attributed any prior crimes that were treated as predicate felonies for the purpose of designating him as a career offender or that otherwise enhanced his sentence. The

---

4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that the defendant's case does not involve a section 922(g) conviction.

6

defendant was going to receive a life sentence, notwithstanding his criminal history. Thus, *Simmons* is inapposite.

Similarly, the defendant cannot rely upon the decision in *Alleyne v. United States*, 570 U.S. 17 (2013) to trigger the application of section 2255(f)(3). In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. *Alleyne* established a new rule of criminal procedure, rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D. W. Va. Sept. 12, 2013). The Fourth Circuit has determined that *Alleyne* is not retroactive for purposes of collateral review. *United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sept. 27, 2013) ("*Alleyne* has not been made retroactively applicable to cases on collateral review"); *see also United States v. Redd*, ___ F.3d ___, 2013 WL 5911428, * 3 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *Williams v. United States*, 2014 WL 258631 (S.D. W. Va. Jan. 23, 2014) ("*Alleyne* has not been held to apply retroactively on collateral review"); *Manning v. United States*, 2013 WL 5890722 (W.D. Va. Oct. 31, 2013); *Muhammad v. Purdue*, 2013 WL 4508870 (N.D. W. Va. Aug. 23, 2013); *United States v. Reyes*, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D. Ohio July 22, 2013). Therefore, to the extent that *Alleyne* could be applicable to the defendant's case, he is not eligible for any collateral relief thereon.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that section 2255(f)(3) may not be used to render the defendant's present section 2255 motion timely.

Nor does section 2255(f)(4) apply to the defendant's case. To the extent that the defendant may be asserting that the Fourth Circuit's decision in *Simmons* constitutes a new "fact" supporting his claim that his prior North Carolina offense cannot be used to enhance his sentence, the Fourth Circuit recently rejected such a premise in its en banc decision in *Whiteside v. United States*, 578 F. App'x. 218 (4th Cir. 2014). The Fourth Circuit specifically determined that the *Simmons* decision did not qualify as a new "fact" for purposes of applying section 2255(f)(4). *Id.* at 184. The Court explained that "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." *Id.* The Court further noted that "[i]f changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." *Id.* Moreover, as noted above, the *Simmons* decision is inapplicable to the defendant's case. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Section 2255(f)(4) cannot be used to render the defendant's present section 2255 motion timely.

### B. The instant section 2255 motion is an unauthorized second or successive motion.

Even if the defendant could somehow establish that the defendant's claims in the instant section 2255 motion and Memorandum should be considered timely, the undersigned further proposes that the presiding District Judge **FIND** that the instant motion is an unauthorized second or successive section 2255 motion. 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Similarly, Rule 9 of the Rules Governing Section 2255 Motions states, "Before

presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."[4] Section 2255(h) requires a second or successive motion to be certified by a panel of the appellate court to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The undersigned proposes that the presiding District Judge **FIND** that the defendant has not demonstrated that he has received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion under section 2255.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 703), as amended by the arguments made in his Memorandum in Support (ECF No. 734), be dismissed, with prejudice, as being untimely filed and as an unauthorized second or successive motion.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the

---

[4] Section 2255 has been amended to revise the paragraphs into subsections (a) through (h). Paragraph 8 is now part of subsection (h). Thus, the court will henceforth refer to subsection (h).

Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to the defendant and to transmit a copy to counsel of record.

<u>June 12, 2015</u>

Dwane L. Tinsley
United States Magistrate Judge